**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

PAMELA FRENCH,
                            Plaintiff,

    v.                                             No. 06-CV-970
                                                         (DRH)
MICHAEL J. ASTRUE,[1] Commissioner
of Social Security,
                            Defendant.

---

**APPEARANCES:**                         **OF COUNSEL:**

McMAHON, KUBLICK & SMITH, P.C.     JENNIFER GALE SMITH, ESQ.
Attorney for Plaintiff
500 South Salina Street
Suite 816
Syracuse, New York 13202

HON. GLENN T. SUDDABY            SIXTINA FERNANDEZ, ESQ.
United States Attorney for the         Special Assistant United States Attorney
   Northern District of New York
Attorney for Defendant
26 Federal Plaza - Room 23904
New York, New York 10278

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**MEMORANDUM-DECISION AND ORDER**

     Plaintiff Pamela French ("French") brought this action pursuant to 42 U.S.C. § 405(g)

seeking review of a decision by the Commissioner of Social Security ("Commissioner")

denying her application for benefits under the Social Security Act. French moves for a

finding of disability and the Commissioner cross-moves for a judgment on the pleadings.

---

    [1] Michael J. Astrue is the current Commissioner of Social Security. He shall be substituted as the named defendant pursuant to Fed. R. Civ. P. 25(d)(1).

Docket Nos. 6, 7.  For the reasons which follow, the Commissioner's decision is affirmed.

## I. Procedural History

On April 15, 2004, French filed an application for disability insurance benefits and supplemental security income pursuant to the Social Security Act, 42 U.S.C. § 401 et seq. T. 71-74, 350B-350E.[2]  Those applications were denied on June 24, 2004.  T. 24-27, 350F-350I.  French requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ Malvin B. Eisenberg on June 29, 2005.  T. 12, 28, 362.  In a decision dated May 6, 2006, the ALJ held that French was not entitled to disability benefits or supplemental security income.  T. 21.  Shortly thereafter, French filed a request for review with the Appeals Council.  T. 8-9.  The Appeals Council denied French's request for review, thus making the ALJ's findings the final decision of the Commissioner.  T. 4-6.  This action followed.

## II. Contentions

French contends that the ALJ erred when he failed to give controlling weight to her treating physician's medical opinion[3] and appropriate weight to her subjective complaints of pain.  The Commissioner contends that there was substantial evidence to support the determination that French was not disabled.

---

[2] "T." followed by a number refers to the pages of the administrative transcript filed by the Commissioner.  Docket No. 4.

[3] French's second and third points in her brief appear to address the same issue and, thus, shall be addressed together.  See Pl. Mem. of Law (Docket No. 6) at 6-10.

### III. Facts

French is currently fifty-four years old and has a high school education. T. 71, 109. French previously worked as a cashier, inventory clerk, and medical billing clerk. T. 104. French alleges that she became disabled on September 15, 2001 due to multiple bone fractures, a seizure disorder, hyperglycemia, and hypothyroidism. T. 71, 103, 275.

### IV. Standard of Review

#### A. Disability Criteria

A claimant seeking disability benefits must establish that "he [or she] is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (2003). In addition, the claimant's impairments must be of such severity that he or she is not able to do previous work or any other substantial gainful work considering the claimant's age, education, and work experience, regardless of whether such work exists in the immediate area, whether a specific job vacancy exists, or whether the claimant would be hired if he or she applied for work. 42 U.S.C. § 1382c(a)(3)(B) (2003).

The Commissioner uses a five-step process, set forth in 20 C.F.R. § 416.920, to evaluate SSI disability claims:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he [or she] is not, the [Commissioner] next considers whether the claimant has a 'severe impairment' which significantly limits his [or her] physical or mental ability to do basic work activities. If the claimant suffers such an

>impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him [or her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a 'listed' impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he [or she] has the residual functional capacity to perform his [or her] past work. Finally, if the claimant is unable to perform his [or her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982); see 20 C.F.R. § 416.920 (2003).

The plaintiff has the burden of establishing disability at the first four steps. Shaw v. Chater, 221 F.3d 126, 132 (2d Cir. 2000). However, if the plaintiff establishes that an impairment prevents him or her from performing past work, the burden then shifts to the Commissioner to determine if there is other work which the claimant could perform. Id.

### B. Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw, 221 F.3d at 131 (citations omitted). It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see Curry v. Apfel, 209 F.3d 117, 122 (2d Cir. 2000).

4

"In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision." Prentice v. Apfel, No. 96 Civ. 851(RSP), 1998 WL 166849, at *3 (N.D.N.Y. Apr. 8, 1998) (citing Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984)).  A court, however, cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. Yancey v. Apfel, 145 F.3d 106, 111 (2d Cir. 1998).  If the Commissioner's finding is supported by substantial evidence, it is conclusive. Bush v. Shalala, 94 F.3d 40, 45 (2d Cir. 1996).

## V.  Discussion

### A. Medical Evidence

French alleges that she became disabled on September 15, 2001 due to multiple bone fractures, a seizure disorder, hyperglycemia, and hypothyroidism.  T. 71, 103, 275. On October 31, 2001, French began being treated by Dr. Jalal Sadrieh, an orthopedist.  T. 236.  Dr. Sadrieh initially diagnosed French with osteoporosis[4] and a seizure disorder.  Id. Dr. Sadrieh continued to treat French for her osteoporosis, right shoulder pain, and left ankle injury.  T. 216-31.  On January 6, 2003, French sought treatment for a fractured left wrist.  T. 213.  After applying a short-arm fiberglass cast to the fractured wrist, Dr. Sadrieh concluded that French was temporarily totally disabled.  T. 213-15.  On September 15, 2003, French complained of dysfunction and pain in the right wrist/hand and Dr. Sadrieh

---

[4]The "reduction in the amount of bone mass, leading to fractures after minimal trauma." Dorland's Illustrated Med.Dictionary 1202 (28th ed. 1994).

5

noted that she was totally disabled. T. 202-04. On May 26, 2005, Dr. Sadrieh completed a residual functional capacity evaluation for French and concluded that she was unable to perform the requirements of sedentary work. T. 312-16.

On May 28, 2004, French underwent a consultative examination with Dr. Richard Weiskopf. T. 250-54. French was referred by the New York State Office of Disability Determination after complaining of osteoporosis, multiple fractures, and mild chest pain. T. 250. Dr. Weiskopf noted that French did not use any assistive devices and had full flexion, extension, lateral flexion, and full rotary movement bilaterally. T. 252-53. Dr. Weiskopf concluded that French had no limitation with walking, bending, climbing, and sitting and only moderate limitation in lifting and carrying. T. 254.

### B. Treating Physician's Rule

French contends that the ALJ erred when evaluating the medical evidence from her treating physician, Dr. Sadrieh.

When evaluating a claim seeking disability benefits, factors to be considered include objective medical facts, clinical findings, the treating physician's diagnoses, subjective evidence of disability, and pain related by the claimant. Harris v. R.R. Ret. Bd., 948 F.2d 123, 126 (2d Cir. 1991). Generally, more weight is given to a treating source. Under the regulations, a treating source's opinion is entitled to controlling weight if well-supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2) (2003); Shaw, 221 F.3d at 134. Before a treating physician's opinion can be discounted, the ALJ must provide

"good reasons." Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998).

The ALJ is required to assess the following factors in determining how much weight to accord the physician's opinion: "(I) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other relevant factors." Schaal, 134 F.3d at 503. If other evidence in the record conflicts with the opinion of the treating physician, this opinion will not be deemed controlling or conclusive, and the less consistent the opinion is, the less weight it will be given. Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999). Ultimately, the final determination of disability and a claimant's inability to work rests with the Commissioner. Id. at 133-34; see 20 C.F.R. §§ 404.1527(e), 416.927(e) (2003).

On May 26, 2005, Dr. Sadrieh concluded that French could lift/carry less than ten pounds on an occasional or frequent basis, stand/walk for less than two hours in an eight-hour workday, sit for less than six hours in an eight-hour workday, perform limited pushing/pulling with her right upper extremity, and had postural and manipulative limitations. T. 19, 312-16. However, the ALJ failed to credit Dr. Sadrieh's opinion fully, concluding that the "findings are not substantiated by the nature of treatment, the medical findings of [Dr. Sadrieh], or by the record considered as a whole." T. 19, 21. In support of his conclusion, the ALJ cited the findings of Dr. Weiskopf, a consultative examiner. T. 19. On May 28, 2004, Dr. Weiskopf examined French and concluded that she "has no limitation on sitting, standing, walking, bending, and climbing. She has moderate limitation on lifting and carrying. She has good use of her hands regarding strength and fine motor activities." T.

7

19, 254. Further, the ALJ noted that Dr. Sadrieh's treatment notes from 2001 through 2003 did not support his May 2005 conclusions regarding her limitations. T. 18-19. For example, on September 15, 2003, Dr. Sadrieh noted that her wrist fracture was doing very well and her ankle fracture was "OK." T. 203. Moreover, on December 2, 2002, Dr. Sadrieh permitted French to return to work for fifteen hours a week. T. 218. Thus, there is substantial evidence in the record to support the ALJ's conclusion that Dr. Sadrieh's medical opinions are not fully credible.

Accordingly, the Commissioner's determination in this regard is affirmed.

### C. Subjective Complaints of Pain

French contends that the ALJ's decision not to credit her subjective complaints of disabling pain fully was in error.

The basis for establishing disability includes subjective complaints of pain even where the pain is unsupported by clinical or medical findings provided that the underlying impairment can be "medically ascertained." 20 C.F.R. § 404.1529 (2003); see also Snell v. Apfel, 177 F.3d 128, 135 (2d Cir. 1999). A finding that a claimant suffered from disabling pain requires medical evidence of a condition that could reasonably produce such pain. An ALJ must consider all symptoms, including pain, and the extent to which these symptoms can reasonably be expected to be consistent with the medical and other evidence. 20 C.F.R. § 404.1529 (2003); Martone v. Apfel, 70 F. Supp. 2d 145, 150 (N.D.N.Y. 1999). Pain is a subjective concept "difficult to prove, yet equally difficult to disprove" and courts should be reluctant to constrain the Commissioner's ability to evaluate pain. Dumas v.

Schweiker, 712 F.2d 1545, 1552 (2d Cir. 1983).  "The ALJ must discuss his resolution of the claimant's credibility regarding pain in a narrative discussion that provides specific reasons for the weight that he assigned to the claimant's statements; he may not merely conclude that the claimant's statements are not credible."  Lewis v. Apfel, 62 F. Supp. 2d 648, 658 (N.D.N.Y. 1999).

The claimant's credibility and motivation, as well as the medical evidence of impairment, are used to evaluate the true extent of the alleged pain and the degree to which it hampers the applicant's ability to engage in substantial gainful employment.  See Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1978); Lewis, 62 F. Supp. 2d at 653.  If there is conflicting evidence about a claimant's pain where the degree of pain complained of is not consistent with the impairment, the ALJ must make credibility findings.  Donato v. Sec'y of HHS, 721 F.2d 414, 418-19 (2d Cir. 1983).  The ALJ must consider several factors pursuant to 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3):

> (I)  [The claimant's] daily activities;
>
> (ii)  The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms;
>
> (iii) Precipitating and aggravating factors;
>
> (iv)  The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate . . . pain or other symptoms;
>
> (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of . . . pain or other symptoms;
>
> (vi) Any measures [the claimant] use[s] or ha[s] used to relieve . . . pain or other symptoms (e.g., lying flat on [his] back, standing

> for 15 to 20 minutes every hour, sleeping on a board, etc.); and
>
> (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (2003).

Here, the ALJ concluded that French's "medically determinable impairments could reasonably be expected to produce some of the alleged symptoms, but that [French's] statements concerning the intensity, duration, and limiting effects of these symptoms are not entirely credible." T. 20.  In support of his conclusion, the ALJ cited French's testimony that she performed self-care activities, watched television, read the newspaper and books, did household chores, and fixed lunch and dinner.  T. 17, 113-19, 251, 404-10.  Further, French testified that she occasionally drove her fiance's car to the grocery store and could use public transportation.  T. 17, 387-88.  Thus, there was substantial evidence to support the ALJ's conclusion that French's subjective complaints of pain were not entirely credible.

Accordingly, the Commissioner's determination in this regard is affirmed.

### VI. Conclusion

For the reasons stated above, it is hereby

**ORDERED** that the decision denying disability and supplemental security income benefits be **AFFIRMED**, French's motion for a finding of disability (Docket No. 6) be **DENIED**, and the Commissioner's cross-motion (Docket No. 7) be **GRANTED**.

DATED: May 21, 2007
       Albany, New York

_David R. Homer_
United States Magistrate Judge